UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| PHILLIP CARRIER, | ) |  |
|---|---|---|
| Movant, | ) |  |
| vs. | ) | Case No. 4:10 CV 1151 CDP |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

# MEMORANDUM AND ORDER

Phillip A. Carrier has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Carrier pleaded guilty to being a felon in possession of a firearm and was sentenced to the mandatory minimum term of 180 months imprisonment under the Armed Career Criminal Act, 18 U.S.C. §924(e)(1). Case No. 4:08CR464 CDP. He did not appeal.

Carrier challenges his sentence on several grounds. First, he argues that §924(e)(1) should not govern his sentence because he had not been convicted of three prior violent felonies.[1] Specifically, Carrier claims that the Court incorrectly

---

[1]Carrier also argues that his sentence should not have been calculated under the career offender section of the of the United States Sentencing Guidelines, § 4B1.4(a), which generated a guideline sentence of between 188 and 234 months. However, Carrier was not given a sentence recommended by the advisory guidelines. Instead, I varied downward from the guidelines range and sentenced him to 180 months, which was the lowest sentence permissible under §924(e)(1). Since I cannot lower his sentence if §924(e)(1) applies, any challenge to his sentence must first

deemed a prior second degree burglary conviction to be a crime of violence when determining whether § 924(e)(1) applied. Next, Carrier argues that he was denied his right to effective assistance of counsel because his attorney did not raise this issue and did not advise him to appeal on this ground. Finally, Carrier has filed a motion for default judgment because the government filed its response to his motion two days late.

After considering Carrier's and the government's arguments, respectively, I conclude that Carrier is not entitled to relief under § 2255 because his prior conviction for burglary in the second degree qualifies as a violent felony under 18 U.S.C. § 924(e)(1) and his counsel was not ineffective for failing to raise this issue. Additionally, he is not entitled to a default judgment because the government's delay did not prejudice his rights in any way.

## Background

In June of 2008, Carrier was observed carrying a black box while leaving a house suspected of being involved in the production of illegal methamphetamine. Police arrested him at the scene and found a stolen .45 caliber handgun with nine rounds of ammunition in the black box.

On January 23, 2009, Carrier pleaded guilty to the one-count indictment

---

be directed at the applicability of §924(e)(1), rather than the sentencing guidelines calculation.

charging him with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). He admitted that he had been convicted of three prior felonies and that he knowingly possessed an operational .45 caliber pistol that had been transported across a state line. The felony convictions he admitted were second degree assault, second degree burglary, and first degree assault and armed criminal action.

The presentence report concluded that Carrier qualified as a Career Offender under the Sentencing Guidelines because he had three prior violent felonies, so his base offense level was 34 under § 4B1.4(a). After crediting him with acceptance of responsibility his total offense level was 31. He had ten criminal history points, which normally would have qualified as a Criminal History Category V under the guidelines, but because he was a career offender his criminal history category became VI under U.S.S.G. § 4B1.4(c)(2). Based on a total offense level of 31 and a criminal history category VI, Carrier's sentencing guidelines range was 188 to 235 months. The presentence report also concluded that the Armed Career Criminal Act applied, 18 U.S.C. § 924(e)(1), so there was a mandatory minimum sentence of 180 months. In the section titled "Offense Level Computation," the presentence report specified that Carrier qualified as an Armed Career Criminal because of three of his past crimes, including his prior conviction for second degree burglary. In the section titled "Criminal History Computation,"

the report explained that his sentence had been calculated based on the fact that "the defendant has at least three prior convictions for crimes of violence."

The report also described the facts leading to Carrier's second degree burglary conviction and noted that Carrier was represented by counsel during that proceeding. The report stated that: "According to court records, on November 16, 1985 and November 20, 1985 the defendant entered a building located at 463 Briar Hill in St. Louis County, Missouri and stole several items of value."

At the guilty plea hearing, I explained to Carrier that if he qualified under the Armed Career Criminal Act that he would be facing a fifteen-year mandatory minimum sentence. I inquired of counsel whether they believed he would so qualify, and defense counsel indicated that it was his belief that Carrier would qualify under the statute and so was facing the fifteen year mandatory minimum. Counsel indicated that the had discussed this with Carrier. I explained this to Carrier and he indicated he understood. I also told Carrier that he could object to the Presentence Report if he believed it had incorrectly considered the guidelines. At his sentencing hearing, Carrier affirmed that he had read the Presentence Report and did not object to the characterization of his prior felonies. I therefore adopted the presentence report as my findings of fact and legal conclusions under the advisory guidelines. I then varied downward from the sentencing guidelines

range and sentenced Carrier to the mandatory minimum sentence of 180 months. He did not appeal.

**Analysis**

Carrier challenges his sentence on three grounds arising out of the same legal argument. First, he directly challenges his sentence by arguing that he should not have been subject to a mandatory minimum under § 924(e)(1) because he had not previously been convicted of the required number of crimes of violence. Next, he collaterally challenges his sentence by arguing that he was not effectively represented by counsel. The only basis for his ineffective assistance claim is that his attorney did not argue that his second degree burglary conviction was not a crime of violence at the sentencing hearing or advise him to appeal on that basis. The government opposes the motion on the merits and also argues that Carrier's motion under § 2255 is barred because he explicitly waived his right to appeal and to challenge his sentence under § 2255, except for claims of ineffective assistance of counsel.

I agree that the direct challenge to his sentence could have been raised on appeal, and so Carrier may not now raise it in a § 2255 motion. The failure to object to a sentence on appeal bars the petitioner from directly challenging the sentence later in a motion under § 2255. *United States v. Perales*, 212 F.3d 1110,

1111 (8th Cir. 2000). Similarly, a provision in a plea agreement that the defendant waives his right to challenge the plea or the sentence in a motion under § 2255 is generally enforceable. *See DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). But the claim of ineffective assistance of counsel was not waived, and because it is necessary for me to determine if there is any merit to the underlying claim to determine whether counsel was ineffective, I will address the merits of the sentencing claim.

The Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) establishes a mandatory minimum sentence of 180 months "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another." Carrier does not deny that he violated section 922(g), but only argues that he did not have three previous convictions for a violent felony. Specifically, Carrier argues that his prior second degree burglary conviction does not qualify as a violent felony under §924(e) based on recent Supreme Court precedent. Carrier cites *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009) in support of this argument.

Section 924(e) defines a violent felony and states:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
>> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>>
>> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another; and

18 U.S.C. § 924(e)(2). The "burglary" enumerated in this statute refers to "generic burglary," which is defined as "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990). It is well settled that, although Missouri's second degree burglary statute is over-inclusive based on this definition of generic burglary,[2] a conviction under this statute is properly considered a violent felony under § 924(e), if the conviction satisfies all of the elements of generic burglary, that is, if it involved burglary of a building. *See United States v. Brown*, 323 Fed. App'x 479, 481-82 (8th Cir. 2009); *United*

---

[2]Missouri Statute § 569.170 states that a "person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Mo. Rev. Stat. § 569.170 (2010). This statute is over-inclusive because it defines "inhabitable structure" to include "a ship, trailer, sleeping car, airplane, or other vehicle or structure." Mo. Rev. Stat. § 569.010.

*States v. Thornburgh*, 185 Fed. App'x 548, 548 (8th Cir. 2006) ("Based on facts in the presentence report (PSR) to which Thornburgh did not object, the district court properly concluded all three of his second-degree burglary convictions in Missouri state court involved the unlawful entry into a building."); *United States v. Bell*, 445 F.3d 1086, 1090-91 (8th Cir. 2006).

Carrier's prior conviction includes all of the elements of generic burglary. Carrier did not object to the factual characterization of his second degree burglary conviction at sentencing and he does not object to the facts on this motion. The presentence investigation report shows that the burglary for which he was convicted involved his entering a building without authorization, and stealing several items of value. Therefore, it is undisputed that his prior conviction for second degree burglary includes all of the elements of generic burglary and qualifies as a violent felony under § 924(e).

Carrier's citation of the decisions in *Begay* and *Chambers* does not change this result. *Begay* and *Chambers* address whether a prior conviction for driving under the influence and failure to report, respectively, qualify as violent a felonies based on the "otherwise involves" residual provision of § 924(e)(B)(ii). *See Begay v. United States*, 553 U.S. 137 (2008); *Chambers v. United States*, 555 U.S. 122 (2009). These decisions have prompted courts to reconsider whether certain

other crimes that had previously been considered violent felonies under the "otherwise involves" residual provision were similar enough to the crimes enumerated in § 924(e) to qualify as predicate offenses under § 924(e). *United States v. Stymiest*, 581 F.3d 759, 768-69 (8th Cir. 2009). However, the Eighth Circuit has made clear that *Begay* and *Chambers* do "not undermine our burglary precedents." *Id.*

The Eighth Circuit has consistently found, both before and after the decisions in *Begay* and *Chambers*, that a conviction for generic burglary under Missouri's second degree burglary statute qualifies as a violent felony under § 924(e). *See United States v. Owens*, 596 F.3d 430, 432 (8th Cir. 2010); *see also Stymiest*, 581 F.3d at 768-69. Generic burglary is an enumerated crime under § 924(e) and therefore it does not rely on the "otherwise involves" residual provision discussed in *Begay* and *Chambers* to qualify as a violent felony. *Stymiest*, 581 F.3d at 768-69. Therefore, *Begay* and *Chambers* do not affect prior authority holding that convictions for generic burglary under Missouri's second degree burglary statute qualify as violent felonies under § 924(e). *See Id.* at 768-69; *Owens*, 596 F.3d at 432. Further, even if Carrier's burglary conviction had relied on the "otherwise involves" residual provision to qualify as a violent felony, "nothing in *Begay* or *Chambers* suggests that an offense this similar to an

enumerated offense . . . would be classified differently than" the generic burglary previously described in *Taylor*. *Stymiest*, 581 F.3d at 769.

Because Carrier was properly sentenced under the Armed Career Criminal Act, his second and third arguments must fail as well. "To establish a claim for ineffective assistance of counsel, a § 2255 movant must demonstrate that counsel's representation was deficient and that he suffered prejudice as a result." *Theus v. United States*, 611 F.3d 441, 447 (8th Cir. 2010); (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "To show prejudice, the movant must demonstrate that there is a reasonable probability that the outcome would have been different but for counsel's deficient performance." *Id.*

Carrier cannot show that his attorney's performance was deficient, nor can he show that it caused him prejudice. The argument that Carrier claims his attorney should have asserted would have been unsuccessful at the sentencing hearing and on direct appeal. Section 924(e) would have applied whether his attorney made this argument or not, and Carrier could not have been sentenced to less time than he is now serving.

Finally, Carrier is not entitled to a default judgment. Default judgments in habeas corpus proceedings are disfavored by the law. *See Bleitner v. Welborn*, 15 F.3d 652 (7th Cir. 1994); *Hale v. Lockhart*, 903 F.2d 545, 548 (8th Cir. 1990)

(characterizing the remedy of a default judgment resulting from the government's tardiness as "extreme."); *Rollen v. Steele*, No. 4:06CV1114CAS(MLM), 2007 WL 1125711, at *1 (E.D. Mo. Mar. 26, 2007). "[R]ather than entering a default judgment, [a court] ordinarily should proceed to the merits of the petition, since if the petition has no merit, the delay in disposing of it will in the usual case have caused no prejudice to the petitioner." *Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir.1994). Carrier's petition under § 2255 is without merit and so the government's two day lapse in filing its response has not caused him sufficient prejudice to warrant the grant of this extreme remedy.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to vacate, set aside, or correct sentence [#1] is DENIED.

**IT IS FURTHER ORDERED** that petitioner's motion for default judgment [#7] is DENIED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of March, 2011.